UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| MELINDA SEDORE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-1359 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB).  On December 13, 2013, plaintiff filed her application for DIB benefits.  Plaintiff alleged a May 1, 2012, onset of disability.  (ECF No. 7-5, PageID.304-05).  Plaintiff's claim was denied on initial review.  (ECF No. 7-4, PageID.245-49).  On November 5, 2015, she received a hearing before an ALJ.  (ECF No. 7-2, PageID.165-206).  On January 7, 2016, the ALJ issued her decision finding that plaintiff was not disabled.  (Op., ECF No. 7-2, PageID.148-58).  On October 12, 2016, the Appeals Council denied review (ECF No. 7-2, PageID.30-33), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision.  Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

> I. The ALJ failed to properly weigh the medical source opinion evidence under 20 C.F.R. § 404.1527.
>
> II. The ALJ's reliance upon testimony of the VE is not supported by substantial evidence because (a) two of three jobs listed by the VE do not exist, and (b) the VE stated that job numbers provided contained both full and part-time jobs.

(Plf. Brief, ECF No. 13, PageID.843). I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a

different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## **The ALJ's Decision**

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through December 31, 2013. (Op. at 3, ECF No. 7-2, PageID.150). Plaintiff had not engaged in substantial gainful activity from her alleged onset date of May 1, 2012, through December 31, 2013. (*Id.*). Through her date last insured, plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, bilateral cubital tunnel status post left ulnar nerve translocation, and status right cubital tunnel release. (*Id.*). She did not have an impairment or combination of impairments that met or equaled the requirements of

the listing of impairments. (*Id.* at 4, PageID.151). The ALJ found that, through her date last disability insured, plaintiff retained the residual functional capacity (RFC) for a range of light work, including the following restrictions:

> The claimant requires an option to sit or stand throughout the day as needed; no climbing of ropes, ladders, or scaffolds; no more than occasional climbing of ramps or stairs, balancing, stooping, crouching, crawling, and kneeling; and frequent bilateral handling and fingering.

(Op. at 4-5, PageID.151-52). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (*Id.* at 5-9, PageID.152-56). Plaintiff could not perform any past relevant work. (*Id.* at 9, PageID.156).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 270,000 jobs in the national economy that the hypothetical person was capable of performing. (ECF No. 7-2, PageID.198-201). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op. at 9-11, ECF No. 7-2, PageID.156-58).

## Discussion

### 1.

Plaintiff's first claim of error is that the ALJ failed to properly weigh the medical source opinion evidence under 20 C.F.R. § 404.1527. She argues that the ALJ failed to properly weigh the opinions of a state agency medical consultant, Larry Jackson, M.D., because the ALJ rejected suggested restrictions regarding right overhead reaching, and the need to avoid hazards and avoid concentrated exposure

to vibration.  (Plf. Brief at 13-18, ECF No. 13, PageID.854-59).

The ALJ recognized that administrative *res judicata* stemming from the denial of plaintiff's earlier applications for DIB and supplemental security income (SSI) benefits precluded any onset of disability before April 18, 2012.  (Op. at 1, ECF No. 7-2, PageID.148).  Further, the ALJ acknowledged her obligation under *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997), and Acquiescence Ruling 98-4(6) to adopt the earlier ALJ's finding regarding plaintiff's RFC absent evidence of improvement or change in plaintiff's condition.  (Op. at 5, PageID.152).  The earlier ALJ's finding was that plaintiff retained the RFC of light work with a sit/stand option and no climbing of ropes, ladders, or scaffolds; and no more than occasional climbing of ramps or stairs, balancing, stooping, crouching, crawling, or kneeling.  (ECF No. 7-3, PageID.214).  Here, the ALJ found that the medical evidence supported adding the additional restrictions regarding handling and fingering.  (Op. at 6, ECF No. 7-2, PageID.153).

No treating or examining physician offered an opinion that plaintiff's impairments during the period at issue, April 18, 2012, through December 31, 2013, imposed functional restrictions precluding overhead reaching.  The same is true with regard to a need to avoid hazards and avoid concentrated exposure to vibration.

On June 13, 2014, Dr. Jackson, a state agency medical consultant, reviewed the then-available evidence and offered an opinion regarding plaintiff's RFC.  (ECF No. 7-3, PageID.238-40).  "Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program

physicians or psychologists." 20 C.F.R. § 404.1527(e)(2)(i); *see Rudd v. Commissioner*, 531 F. App'x 719, 727-28 (6th Cir. 2013).

The ALJ gave appropriate consideration to the RFC restrictions suggested by Dr. Jackson. *See* 20 C.F.R. § 404.1527(e)(2)(ii). The ALJ rejected a proposed restriction regarding right overhead reaching because it lacked supporting medical evidence in the record: "There is no medically determinable impairment in the medical record through the claimant's date last insured that would reasonably limit the claimant to the performance of occasional right overhead reaching. The claimant had mild cervical problems and no shoulder issues." (Op. at 8, ECF No. 7-2, PageID.155).

The ALJ's finding that the medical evidence did not support a right overhead reaching restriction is supported by substantial evidence. Among other things, the ALJ noted that, in May 2013, plaintiff's treating physician, Dr. William Huettner, M.D., found that plaintiff's "right and left upper extremities had normal range of motion, normal muscle strength, normal findings on inspection, palpation, and percussion and overall stability." (Op. at 7, PageID.154) (citing Exhibit B2F/1-2, found at ECF No. 7-8, PageID.393). The ALJ's summary was accurate. Although plaintiff reported "numbness of her entire hand when raising her arm above her head," the objective findings made by her treating physician showed "normal" and "stable" results. (ECF No. 7-8, PageID.393).

The ALJ rejected the suggested restriction regarding exposure to vibration because it lacked supporting medical evidence, and she rejected the suggested

restriction regarding hazards because Dr. Jackson failed to provide any explanation why plaintiff would have required such a restriction:

> Dr. Jackson limited the claimant to avoiding concentrated exposure to vibration and hazards. However, after the claimant's hand and elbow surgeries were in 2012, no treating source has restricted the claimant in regards to use of vibratory tools. Finally, Dr. Jackson did not provide an explanation in regards to hazards. Through the claimant's date last disability insured, there is no medically determined impairment or evidence of drug side effects that would indicate workplace hazards such as machinery, heights, etc., should be avoided. For those reasons, Dr. Jackson's opinions have been given partial weight.

(Op. at 8, ECF No. 7-2, PageID.155). The ALJ's findings are supported by substantial evidence. None of the plaintiff's treating sources imposed restrictions regarding use of vibratory tools. Dr. Jackson provided no explanation regarding exposure to hazards. (*see* ECF No.7-3, PageID.240). I find no error in the ALJ's consideration of Dr. Jackson's opinions regarding plaintiff's RFC.

## 2.

Plaintiff argues that the VE's testimony does not provide substantial evidence supporting the ALJ's decision because (a) two of the three jobs listed by the VE do not exist, and (b) the VE stated that job numbers provided contained both full and part-time jobs. (Plf. Brief at 18-20, ECF No. 13, PageID.859-61; Reply Brief at 1-4, ECF No. 15, PageID.879-82). Neither argument provides a basis for disturbing the Commissioner's decision.

The VE testified that a hypothetical person of plaintiff's age with her RFC, education, and work experience would be capable of performing the following jobs in the national economy: 90,000 automatic machine tending jobs, 45,000 visual inspection jobs, and 135,000 general office clerical jobs. (ECF No. 7-2, PageID.198-

202). The VE provided *Dictionary of Occupational Titles* (*DOT*) code numbers for each of the three types of jobs that he identified. (*Id.*). Plaintiff's attorney did not pose any questions to the VE regarding the *DOT* codes.[1] (ECF No. 7-2, PageID.202-04).

It is undisputed that the VE provided the correct *DOT* code for the 90,000 automatic machine tending jobs and that he supplied incorrect *DOT* codes for the other jobs. (Plf. Brief at 19, ECF No. 13, PageID.859; Def. Brief at 11, ECF No. 14, PageID.874). The VE's testimony providing inaccurate *DOT* codes does not provide a basis for disturbing the Commissioner's decision. " 'The Social Security regulations do not obligate [the ALJ and consulting vocational experts] to rely on the Dictionary's classifications.' " *Monateri v. Commissioner*, 436 F. App'x 434, (6th Cir. 2011) (quoting *Wright v. Massanari,* 321 F.3d 611, 616 (6th Cir. 2003)). The VE was not required to provide *DOT* codes as part of his testimony. *See Getzen v. Commissioner*, No. 11-14676, 2012 WL 4513721, at *12 (E.D. Mich. Aug. 22, 2012). "An erroneous citation to the DOT is not *per se* reversible error." *Ross v. Astrue*, No. 2:09-cv-177, 2010 WL 5233722, at *5 (E.D. Ky. Dec. 16, 2010). Plaintiff "has not identified how such an erroneous citation to the DOT has resulted in a wrongful conclusion by the

---

[1] The ALJ complied with the requirement of asking whether the VE's testimony conflicted with the *DOT*. (ECF No. 7-2, PageID.200). She was not required to conduct further inquiry. *See Lindsley v. Commissioner*, 560 F.3d 601, 606 (6th Cir. 2009); *see also Kepke v. Commissioner*, 636 F. App'x 625, 637 (6th Cir. 2016) ("[N]othing in applicable Social Security regulations requires the administrative law judge to conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge.") (citation and quotation omitted).

ALJ." (*Id.*).

Any error that occurred was harmless. There is no "special number which is to be the boundary between a 'significant number' and an insignificant number of jobs." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). The 90,000 automatic machine tending positions easily satisfy the requirement of a substantial number of jobs. *See Taskilla v Commissioner*, 819 F.3d 902 (6th Cir. 2016) ("Six thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant.' ").

Plaintiff's argument that the job numbers provided by the VE included part-time jobs does not provide a basis for disturbing the Commissioner's decision. When plaintiff's attorney asked the VE whether the Bureau of Labor Statistics job numbers included both full and part-time jobs, the VE responded that the number of part-time jobs is a small component, noting that there are approximately 4.4 million jobs in Michigan and only about 500,000 are part-time jobs. (ECF No. 7-2, PageID.203-04). The VE was not required to testify as to only full-time jobs. *See Liskowitz v. Astrue*, 559 F.3d 736, 745 (7th Cir. 2009) ("Ruling 96-8p does not say, nor do we interpret it to imply, that a VE may permissibly testify only as to the availability of full-time jobs"); *Gadke v. Commissioner*, No, 1:12-cv-2875, 2013 WL 5428727, at *3 (N.D. Ohio Sept. 23, 2013) (collecting cases). Further, it is well established that part-time work can constitute substantial gainful activity. *See* 20 C.F.R. § 404.1572(a); *see also Johnson v. Berryhill*, No. 5:16-250, 2017 WL 906957, at *5 (E.D. Ky. Mar. 7, 2017) ("Substantial gainful activity requires 'work activity that involves doing significant

physical or mental activities,' and 'work may be substantial even if it is done on a part-time basis.' " (quoting 20 C.F.R. § 416.972(a)); *Castaneda v. Commissioner*, No. 10-13724, 2011 WL 7299839, at *6 (E.D. Mich. Dec. 7, 2011) ("The fact that a claimant may be working only part-time does not foreclose the possibility that the work is SGA.") (citing 20 C.F.R. § 404.1572(a)).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:   February 23, 2018          /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).