UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELINDA SEDORE,

    Plaintiff,

v.

    Case No. 1:16-cv-1359

COMMISSIONER OF SOCIAL SECURITY,

    HON. JANET T. NEFF

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration to deny her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation. Defendant filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and issues this Opinion and Order.

First, Plaintiff challenges the Magistrate Judge's analysis of her argument that the ALJ failed to properly weigh the medical source opinion evidence under 20 C.F.R. § 404.1527. Specifically, Plaintiff asserts that in indicating that "no examining physician opined on Ms. Sedore's impairments between April 18, 2012 and December 31, 2013," the Magistrate Judge

overlooked or disregarded critical evidence from William Huettner, M.D., Plaintiff's surgeon (Pl. Objs., ECF No. 17 at PageID.895-896).

Plaintiff's argument is without merit. Contrary to Plaintiff's assertion, the Magistrate Judge did not indicate that "no examining physician opined on Ms. Sedore's impairments between April 18, 2012 and December 31, 2013." Rather, the Magistrate Judge more precisely determined that "[n]o treating or examining physician offered an opinion that plaintiff's impairments during the period at issue, April 18, 2012, through December 31, 2013, imposed functional restrictions precluding overhead reaching" (R&R, ECF No. 16 at PageID.888). Moreover, as set forth more fully by Defendant in its response (ECF No. 18 at PageID.902-904), the Magistrate Judge did not overlook or disregard evidence from Dr. Huettner but expressly determined that the ALJ properly summarized his record and that the ALJ's finding was supported by substantial evidence (R&R, ECF No. 16 at PageID.889-890). Plaintiff's objection is properly denied.

Second, Plaintiff argues that "the ALJ's reliance upon testimony of the Vocational Expert ('VE') was not supported by substantial evidence" (Pl. Objs., ECF No. 17 at PageID.894-895, 897-899). In his Report and Recommendation, the Magistrate Judge determined that the 90,000 automatic machine tending positions identified by the VE "easily satisfy the requirement of a substantial number of jobs," and the Magistrate Judge further determined that "it is well established that part-time work can constitute substantial gainful activity" (R&R, ECF No. 16 at PageID.890-893).

Plaintiff does not reference—let alone identify error in—the Magistrate Judge's analysis of this issue. Plaintiff wholly fails to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections," as required by this Court's local rule. *See* W.D. Mich. LCivR 72.3(b). The "purpose [of filing

2

objections] is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge." *Freeman v. Sec'y of Health & Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992). *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (holding that a general objection "wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act"). As Plaintiff's objection fails to inform the Court of her specific concerns with this portion of the Magistrate Judge's Report and Recommendation, it is properly denied. *See, e.g., Owens v. Comm'r of Soc. Sec.*, No. 1:12–CV–47, 2013 WL 1304470, at *3 (W.D. Mich. Mar.28, 2013) (determining that the court is "not obligated" to address objections that are "merely recitations of the identical arguments that were before the magistrate judge").

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 17) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 16) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated: March 22, 2018         /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge